Dear Senator McCarthy:
This opinion is in response to your question asking whether the provisions of Chapter 610, RSMo, commonly known as Missouri's "Sunshine Law," are applicable to the Missouri School Boards' Association (hereinafter "the Association"). A memorandum accompanying your question states that the Association is incorporated as a not-for-profit corporation under Chapter 355, RSMo. The memorandum also notes that Section162.011, RSMo 1986, authorizes a local school board to use money in the incidental fund of the district to pay membership dues to the Association.
Specifically, Section 162.011, RSMo 1986, provides:
 162.011. School boards may associate and appoint a member to attend meetings — may pay dues and attendance expenses. — Any school board of the state of Missouri, when it deems it a matter of public interest, may by two-thirds vote of its members join the Missouri School Boards' Association and appoint one or more of its members to attend meetings called by the association within the state of Missouri. The school board may direct payment of the membership dues of the association and of the actual and necessary expenses incurred by members in attending the meetings called by the association from the incidental fund of the district.
Since Chapter 610 applies to all statutorily defined public governmental bodies, the answer to your question depends upon whether the Association is a public governmental body. A public governmental body is defined in Section 610.010(2), RSMo Supp. 1988, as:
 (2) "Public governmental body", any legislative, administrative governmental entity created by the constitution or statutes of this state, by order or ordinance of any political subdivision or district, or by executive order, including any body, agency, board, bureau, council, commission, committee, board of regents or board of curators of any institution of higher education, supported in whole or in part from state funds, advisory committee or commission appointed by the governor by executive order, department, or division of the state, of any political subdivision of the state, of any county or of any municipal government, school district or special purpose district, any other legislative or administrative governmental deliberative body under the direction of three or more elected or appointed members having rulemaking or quasi-judicial power, any committee appointed by or under the direction or authority of any of the above named entities and which is authorized to report to any of the above named entities, and any quasi-public governmental body. The term "quasi-public governmental body" means any corporation organized or authorized to do business in this state under the provisions of chapter 352, 353, or 355, RSMo, or unincorporated association which (a) performs a public function, and which (b) has as its primary purpose to enter into contracts with public governmental bodies, or to engage primarily in activities carried out pursuant to an agreement or agreements with public governmental bodies; except urban redevelopment corporations organized or authorized to do business under the provisions of chapter 353, RSMo, which are privately owned, operated for profit, and do not expend public funds;
This definition, along with all other provisions of Chapter 610, must be interpreted within the framework of the public policy declared in Section 610.011, RSMo Supp. 1988.
 610.011. Liberal construction of law to be public policy. — 1. It is the public policy of this state that meetings, records, votes, actions, and deliberations of public governmental bodies be open to the public unless otherwise provided by law. Sections 610.010 to 610.028 shall be liberally construed and their exceptions strictly construed to promote this public policy.
 2. Except as otherwise provided by law, all public meetings of public governmental bodies shall be open to the public as set forth in section 610.020, all public records of public governmental bodies shall be open to the public for inspection and copying as set forth in sections 610.023 to 610.026, and all public votes of public governmental bodies shall be recorded as set forth in section 610.015.
The Association is a private, not-for-profit corporation organized and authorized to do business under Chapter 355, RSMo. Therefore, it is a "quasi-public governmental body" if it "performs a public function" and "has as its primary purpose to enter into contracts with public governmental bodies, or to engage primarily in activities carried out pursuant to an agreement or agreements with public governmental bodies." Section 610.010(2), RSMo Supp. 1988.
The Constitution of the Association defines the purpose of the Association as follows:
 The purpose of the Association shall be to aid and assist Boards of Education in performing their lawful functions, and to promote, support, and advance the interests of public education in Missouri.
Further elaboration of the Association's purpose and its activities in furtherance thereof can be found in the "Articles of Acceptance Under the General Not For Profit Corporation Act" filed in the Circuit Court of Cole County on November 20, 1958. Article III, Section 6 states:
 The purpose or purposes for which the corporation is organized are:
 The purpose of the Missouri School Boards Association shall be the constant improvement of public school education for all the children of Missouri. To that end it shall cooperate to the fullest extent with public officials, school administrators, teachers and all other interested individuals and organizations; study educational problems and inform school boards of the results of such studies and studies made by others, and in particular, act as an agency to enable individual school districts to cooperate with each other for services which can be provided as a common service but which would not be practical to provide in each school district.
This office examined the issue of quasi-public governmental bodies in Opinion No. 27-87, a copy of which is enclosed. In that opinion, a question was presented as to whether area agencies on aging, incorporated under Chapter 355, RSMo, are quasi-public governmental bodies. The function of these agencies is to "develop an area plan and to carry out, directly or through contractual or other arrangements, a program in accordance with the plan within the planning and service area."42 U.S.C. § 3025(c). These agencies are also empowered to make grants or enter into contracts with public or private agencies to provide social or health services. The opinion concluded that such agencies are quasi-public governmental bodies.
In Champ v. Poelker, 755 S.W.2d 383 (Mo.App. 1988), the Missouri Court of Appeals concluded that the Convention and Visitors Bureau of Greater St. Louis constitutes a quasi-public governmental body. The Bureau, having entered into a contract with St. Louis County in 1982 for promotion of tourism and convention business in the County, could reasonably be interpreted as performing a public function pursuant to its agreement. Id. at 391.
There is no question that public education is a "public function." Article IX, Section 1(a) of the Constitution of Missouri provides:
 A general diffusion of knowledge and intelligence being essential to the preservation of the rights and liberties of the people, the general assembly shall establish and maintain free public schools for the gratuitous instruction of all persons in this state within ages not in excess of twenty-one years as prescribed by law.
To that end, in Section 160.051, RSMo Supp. 1988, the legislature has provided for "[a] system of free public schools . . . throughout the state." With its purposes "to promote, support, and advance the interests of public education" and to work for "the constant improvement of public school education," the Association clearly performs a "public function."
The second test to determine whether the Association is a quasi-public governmental body is whether its primary purpose is to enter into contracts with public governmental bodies or to engage primarily in activities pursuant to agreements with public governmental bodies. Your question does not mention that the Association has entered into contracts with public governmental bodies.
However, the alternative component, that the Association engages primarily in activities pursuant to agreements with public governmental bodies, is found here. First, the statement of purpose in the Articles of Acceptance must be noted. The Association is to "cooperate to the fullest extent" with public and school officials; "study educational problems and inform school boards of the results of such studies;" and "act as an agency to enable individual school districts to cooperate with each other for services." All of these activities involve agreements with public governmental bodies.
Further, since membership dues are paid from public funds pursuant to Section 162.011, RSMo 1986, there is little question of the public nature of the Association's activities.
Since the Association meets the definition of a quasi-public governmental body and, therefore, is subject to the provisions of Chapter 610, RSMo, this opinion need not address the question of whether the Association is a public governmental body as defined elsewhere in Section 610.010(2), RSMo Supp. 1988. See Spain v. Louisiana High School AthleticAssociation, 398 So.2d 1386 (La. 1981), wherein the Supreme Court of Louisiana held the Louisiana High School Athletic Association is a "public body" under the Louisiana Open Meetings Law and thus subject to that law.
CONCLUSION
It is the opinion of this office that the Missouri School Boards' Association is a "quasi-public governmental body" as defined in Section 610.010(2), RSMo Supp. 1988, and subject to the provisions of Chapter 610, RSMo, the Sunshine Law.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General
Enclosure: Opinion No. 27-87